**EOD**
03/11/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARK J. POMARO | § | CASE NO. 09-43513-BTR-11 |
| XXX-XX- 4388 | § | |
| 5313 SANDY TRAIL COURT | § | |
| PLANO, TX 75023 | § | |
| | § | |
| Debtor | § | |

## ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

On the 7th day of March, 2011, came on for consideration confirmation of Debtor's Second Amended Plan of Reorganization (the "Plan") filed February 11, 2011 under Chapter 11 of Title 11 of the United States Code. (All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.) Having conducted the Confirmation Hearing, reviewed the evidence, and noted the lack of objections to Confirmation, THE COURT HEREBY FINDS AS FOLLOWS:

1. Petition Date. The above-captioned Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 on November 2, 2009. The proponent of the Plan is Mark Pomaro.

2. Vote Solicitation. The Plan, Disclosure Statement, Ballots and other appropriate materials were transmitted to holders of Claims and Equity Interests in accordance with the Order Approving Debtor's First Amended Disclosure Statement and the Order Granting Motion to Reschedule Confirmation.

3. Notice. Notice of the Plan, the Confirmation Hearing, and the objection and voting deadlines were served in conformance with Rules 2002 and 3017 of the

Federal Rules of Bankruptcy Procedure. Thus, holders of Claims and Equity Interests received adequate notice and an opportunity to be heard in the adjudication of the issues presented by Confirmation of the Plan. Likewise, acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions.

4. Section 1122. The classification of Claims contained in the Plan is appropriate under Section 1122 of the Bankruptcy Code and the treatment of those claims is set out in Article V of the Plan beginning on Page 7.

5. Accepting and Rejecting Classes. At lease one class of Creditors has voted to accept the Plan.

6. Section 1123. The Plan complies with Section 1123 of the Bankruptcy Code in that the Plan (a) designates classes of claims, other than claims of a kind specified in Sections 507(a)( 1), 507(a)(2) or 507(a)(8) of the Bankruptcy Code, and a class of partnership interests; (b) specifies each class of claims that is not impaired under the Plan and the treatment of all classes of claims and interests that are impaired under the Plan; (c) provides for the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment; (d) provides adequate means for the Plan's implementation; and (e) makes adequate disclosure of the post-Effective Date management of the Reorganized Debtor and the compensation promised to be paid, all of which is consistent with the interests of creditors and equity interest holders and public policy.

7. Section 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

8. Section 1129(a)2). The Debtor has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

9. Section 1129(a)(3). The Plan has been proposed in good faith by the Debtor. The Plan was proposed with the honest intent to reorganize and not by any means forbidden by law.

10. Section 1129(a)(4). Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Bankruptcy Case or in connection with the Plan and incident to this Bankruptcy Case has been approved by or is subject to the approval of the Court as reasonable as required by Section 1129(a)(4) of the Bankruptcy Code.

11. Section 1129(a)(5). In the Plan and the Supporting Disclosures and at the Confirmation Hearing, the Debtor complied with Section 1129(a)(5) by disclosing the identity and affiliations of each of the individuals proposed to serve, after the Effective Date of the Plan, as management for the Reorganized Debtor.

12. Section 1129(a)(6). The Plan does not require the approval of any governmental regulatory commission as contemplated by section 1129(a)(6) of the Bankruptcy Code.

13. Section 1129(a)(7). With respect to each Impaired Class of Claims or Equity Interests under the Plan, each holder of an Allowed Claim or Equity Interest of such Class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if such Claimant's or Equity Interest Holder's claim or interest were liquidated under Chapter 7 of the

Bankruptcy Code in compliance with Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies the "best interest" of creditors test.

14. Section 1129(a)(8). The Plan does not satisfies the requirements of Section 1129(a)(8) of the Bankruptcy Code; however, all other subsections of 1129(a) have been satisfied.

15. Section 1129(a)(9). The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

16. Section 1129(a)(10). At least one class of impaired claims has voted to accept the Plan, which acceptance has been determined without including any acceptance of the Plan by any insider. As such, the requirements of Section 1129(a)(10) of the Bankruptcy Code are satisfied.

17. Section 1129(a)(11). The Plan meets the requirements of Section 1129(a)(11) because based upon the evidence presented it is sufficiently feasible and not likely to be followed by the need for further financial reorganization.

18. Section 1129(a)(12). All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on and after the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

19. Section 1129(a)(13). The Debtor has no obligation to retirees and therefore Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

20. Section 1129(a)(14). The Debtor does not have an ongoing domestic support obligation.

21. Section 1129(a)(15). As modified herein and set forth below, the Plan provides for the devotion of Debtor's disposable income during its 5 year term.

22. Section 1129(a)(16). The Plan satisfies the requirements of Section 1129(a)(16) of the Bankruptcy Code.

23. Section 1129(b). The Plan complies with all requirements of 1129(a) other than 1129 (a) (8); however, the Plan does not discriminate unfairly and is fair and equitable. Thus, the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

24. Professional Fee Claims. Each Professional Person or other entity that holds or asserts an Administrative Claim that is a fee claim incurred before the Effective Date shall be required to File with the Bankruptcy Court, and serve on all parties required to receive notice under the Bankruptcy Rules, a Fee Application within sixty (60) days after the Effective Date. The Court will determine the Allowed amount of any such Fee Claim after notice and a hearing. The failure to file the Fee Application timely shall result in the Fee Claim being forever barred and discharged. To the extent necessary, entry of this Confirmation Order shall amend and supersede any previously entered order of the Bankruptcy Court regarding procedures for the payment of fee claims.

Therefore, THIS COURT HEREBY CONCLUDES, as a matter of law, that:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

2. The Plan complies with all elements of Section 1129 of the Bankruptcy Code. The Plan is hereby confirmed.

Now, upon the motion of the Debtor and after due deliberation, the Court hereby ORDERS, ADJUDGES ANT) DECREES that:

1. Rule 7052. The Findings and Conclusions of this Court set forth above

shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 made applicable to this matter by Bankruptcy Rule 9014.

2. Findings and Conclusions. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such. To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

3. Incorporation by reference of Plan. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4. Confirmation of Plan. The Plan is confirmed in all respects pursuant to Section 1129 of the Bankruptcy Code.

5. Class 8 – Allowed Unsecured Claims. In addition to the treatment provided in section 5.7 of Article V, unsecured creditors will receive the following additional payments:

a. Beginning in February of 2013, Debtor will pay an additional $500.00 per month to allowed unsecured claims for thirty-seven months. Allowed unsecured claims will receive a pro rata distribution of the additional $500.00 monthly payment, and these payments will be paid quarterly by the Debtor. The sum of these payments will net an additional $18,500.00 to divide among allowed unsecured claims.

b. In addition to the payment set forth in subsection (a) above, beginning in March of 2014, Debtor will pay an additional $500.00 per month to allowed unsecured claims for twenty-four months. Allowed unsecured

claims will receive a pro rata distribution of the additional $500.00 monthly payment, and these payments will be paid quarterly by the Debtor. The sum of these payments will net an additional $12,000.00 to divide among allowed unsecured claims.

These additional payments in subsections (a) and (b) of this paragraph will provide an additional $30,500.00 to unsecured creditors over the life of the Plan. The source of these payments will be from funds made available after Debtor's vehicle loans have been paid in full. Combining the payments of $19,500.00 set forth in section 5.7 of Article 5 of the Plan with the additional combined payment of $30,500.00 set forth above in subsections (a) and (b) will yield an approximate 46% dividend to Class 8 allowed unsecured claims.

6. Closing of Record. Upon entry of this order, the record of the Confirmation Hearing is closed.

7. Section 1142. In accordance with section 1142 of the Bankruptcy Code, the Debtor, the Reorganized Debtor, the General Partner and its directors, officers, agents, attorneys and representatives, are authorized, empowered, directed and ordered to forthwith issue, execute, deliver, file and record any other agreement, document, instrument or certificate referred to in or contemplated by the Plan (collectively, the "Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan and the Documents in accordance with his respective terms.

8. Further Implementation. Each and every federal, state, commonwealth, local or other governmental agency or department is hereby directed and ordered to

accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan or this Order.

9. Notice of Confirmation. Pursuant to Bankruptcy Rule 3020(c), within ten (10) Business Days following entry of this Order, or as soon as practicable thereafter, the Debtor shall mail to holders of Claims and Equity Interests a notice, as provided in Bankruptcy Rule 2002(f) by mail.

10. Retention of Jurisdiction. Notwithstanding Confirmation of the Plan, this Court retains jurisdiction over the Debtor's Bankruptcy Case pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code, (b) Article IX of the Plan, (c) to enforce the terms of this Order and (d) for such other purposes as may be necessary or useful to aid in the implementation and consummation of the Plan.

11. Discharge. Debtor anticipates filing an Application for a Final Decree within the next 60 days. Debtor reserves the right to reopen this Chapter 11 proceeding in order to receive his discharge contingent upon the requirements set forth below, and thus the closing of this Chapter 11 proceeding will thus be without prejudice. In accordance with 11 U.S.C. §541(d)(5)(A) and (C), after notice and a hearing and unless the Court orders otherwise for cause, confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan. Additionally, unless after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that section 522(q)(1) may be applicable to the Debtor and there is pending any proceeding in which the debtor may be found

guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B). These statements regarding Debtor's discharge specifically modify paragraph 19.7 of Debtor's Plan.

12. Trustee fees. The Reorganized Debtor shall be responsible for timely payment of all fees incurred pursuant to 28 U.S.C. § 1 930(a)(6). After confirmation, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each month (or portion thereof) the case remains open. Such report shall be in the format prescribed by the United States Trustee.

Signed on 3/11/2011

Brenda T. Rhoades SR

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**PREPARED BY:**

By: */s/ Areya Holder*

Areya Holder
SBOT # 24002303
Dan Wallis
SBOT # 24008227
Law Office of Areya Holder, P.C.
800 W Airport Freeway, Suite 414
Irving, Texas 75062
Phone: (972) 438-8800
Fax: (972) 438-8825

COUNSEL FOR MARK POMARO